

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

ENTERED
08/16/2017

| | | |
|---|---|---|
| IN RE: | § | |
| LEON OSCAR RAMIREZ JR. | § | CASE NO: 15-50164 |
| | § | |
| ROSALINDA ECKHARDT | § | CASE NO: 16-50238 |
| | § | Jointly Administered Order |
| Debtors | § | |
| | § | CHAPTER 11 |
| | § | |
| | § | JUDGE EDUARDO V. RODRIGUEZ |

**MEMORANDUM OPINION
OVERRULING, IN PART, AND SUSTAINING, IN PART,
THE INTERNAL REVENUE SERVICE'S OBJECTION TO DEBTORS' PLAN
AND
DECLARING THAT PROBATE ESTATE ASSETS
ARE PROPERTY OF THE BANKRUPTCY ESTATE**
*Resolving ECF No. 136*

## I.  INTRODUCTION

The Court faces a unique issue of first impression in the instant case where it must determine the extent to which Debtors' interests in a probate estate should be considered as property of the bankruptcy estate. ECF No. 136 (objecting to Debtor's plan because, *inter alia*, it relies on assets of the probate estate) (the "*Objection*"); *see also* ECF No. 140 (objecting to Debtor's plan on the same basis among others).  This Court considers the pleadings and briefs filed by the parties prior to the Court's Order to jointly administer the two cases; the arguments presented at the hearings held on December 8, 2016, and May 4, 2017; all other evidence in the record; and relevant case law.  For the reasons discussed herein, the Court finds that Debtors' interest in their father's probate estate constitutes an equitable interest under the Code and is therefore property of the bankruptcy estate, and, as such, the Internal Revenue Service's (the "*IRS*") Objection should be overruled as to Debtors interests in property of the probate estate

being property of the respective bankruptcy estates but sustained as to Debtors having personal liability for some portion or all of the estate taxes. The Court does not reach the merits of any further bases in the Objection and reserves ruling for a further hearing.

## II.  **FINDINGS OF FACT**

This Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052, which incorporates Fed. R. Civ. P. 52, and 9014. To the extent that any Finding of Fact constitutes a Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law constitutes a Finding of Fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.

On October 26, 2015, Leon Oscar Ramirez, Jr. ("*Ramirez*") filed for bankruptcy under chapter 11, title 11 of the United States Bankruptcy Code.[1] LR ECF No. 1.[2] On December 4, 2016, Rosalinda Eckhardt ("*Eckhardt*"), Ramirez's sister, filed for bankruptcy under chapter 11, title 11 of the Code. RE ECF No. 1.[3] In Schedule A, Ramirez and Eckhardt (collectively, "*Debtors*") both listed the following real property which is "inherited from father":

   i.   ½ interest in Lots 5 and 6, Block 937 ED known as 1719 Reynolds, Laredo, Webb County, Texas valued at $61,500.00 with a lien of $18,025.18;

   ii.  ½ interest in Lots 7 and 8, Block 937, known as 1720 and 1718 O'Kane, Laredo, Webb County, Texas, valued at $323,776.00 with a lien of $0.00;

   iii. ½ interest in Lots 3 through 8, Block 2169 ED, City of Laredo, Webb County, Texas. Known as Marion & Jarvis NW valued at $5,760.00 with a lien of $0.00;

---

[1] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e. §) thereof refers to the corresponding section in 11 U.S.C.

[2] "LR" shall refer to documents filed in the bankruptcy case of Leon Oscar Ramirez, Case No. 15-50164.

[3] "RE" shall refer to documents filed in the bankruptcy case of Rosalinda Eckhardt, Case No. 16-50238.

    iv.    ½ interest in 46 units in Rancho Viejo Condos and ½ of an undivided interest in common elements, Block 3, Rancho Viejo1, City of Laredo, Webb County, Texas valued at $1,869,900.00 with a lien of $629,093.33;

    v.    ½ interest in Lot 12, Block 10, Quail Creek 11, Laredo, Webb County, Texas Known as 95625 White Wing Loop valued at $125,900.00 and a lien of $0.00;

    vi.    ½ interest in producing fractional mineral interests in Zapata County (which does not include the interest in the remaindermen of the life estate created in the will of Leonor V. Ramirez in Las Piedras Ranch in surface of Porciones 18 through 22 in Zapata County, Texas) with a value of "unknown" and a lien of $0.00;

    vii.    ½ interest in 1019 Constantinople, Lots 10 and 12, Block 241, Laredo, Webb County Texas valued at $134,160.00 with a lien of $14,697.57;

    viii.    ½ interest in 2509 Flores, Lot 8, Block 471, Laredo, Webb County, Texas valued at $28,880.00 and a lien of $0.00;

    ix.    ½ interest in 6 apartment units, 2904 Elm, Laredo, Webb County, Texas valued at $226,610.00 with a lien of $21,896.95;

    x.    ½ interest in 10 unit of apartments located at 1505 O'Kane, Laredo, Webb County, Texas valued at $298,220.00 with a lien of $0.00;

    xi.    ½ interest in 6 units of apartments located at 207 Nash, Laredo, Webb County, Texas valued at $221,110.00 with a lien of $0.00;

    xii.    ½ interest in single family residence, 310 Albany, Laredo, Webb County Texas valued at $104,880.00 with a lien of $15,277.25; and

    xiii.    ½ interest in Lenard Office Park previously held by partnership but charter forfeited valued at $1,585,150.00 with a lien of $37,162.97.

LR ECF No. 1 at 6–9; RE ECF No. 9 at 1–8.

       Schedule B indicates that Ramirez and Eckhardt inherited a half interest each in eleven vehicles from their father for a total value of $16,100.00. RE ECF No. 9 at 8–11; LR ECF Nos. 1 at 13–14, 100 at 4–5.

       On November 6, 2015, the IRS filed its Proof of Claim in the amount of $69,169.24 of

which $40,142.42 was for taxes in Ramirez's bankruptcy. LR Claim No. 1-1. However, on December 10, 2015, IRS amended its claim in the amount of $2,295,688.37, and then amended again on July 11, 2016, in the amount of $2,295,283.40, and finally amended again on March 22, 2017, in the amount of $2,307,058.52. LR Claim Nos. 3, 21, 23. The final claim filed by the IRS consists of $39,737.45 as a priority tax claim, $40,771.94 in general unsecured tax claims, and the amount of $2,226,549.13 designated as "Estate" taxes identified by Taxpayer ID Number xx-xxx-6042V secured by assets in Webb County, Texas and Zapata County, Texas. *See generally* LR Claim No. 23-1. The IRS also filed a claim in Eckhardt's case listing $2,268,271.64 as a secured claim for "Estate" taxes identified by Taxpayer ID Number xx-xxx-6042V secured by assets in Webb County, Texas and Zapata County, Texas, $35,000 as a priority claim for unpaid taxes, and $1,800 in general unsecured claim. *See* RE Claim No. 2-2 (amending the IRS's initial claim). Debtors have not objected to the Proofs of Claim.

On May 23, 2016, Ramirez filed a Chapter 11 Plan of Reorganization that was amended on November 1, 2016, and then again on March 14, 2017, as a Jointly Administered Plan of Reorganization. LR ECF Nos. 88, 143, 171 (including as amended, the "*Plan*"). Ramirez filed his Disclosure Statement on May 23, 2016, which was supplemented on May 24, 2016. LR ECF Nos. 87, 91. On September 12, 2016, the Court entered an order approving the Disclosure Statement. LR ECF No. 131.

On June 30, 2016, the IRS filed its Objection to Debtors' Plan of Reorganization that was later amended on October 23, 2016. LR ECF Nos. 112, 136. On December 8, 2016, the Court conducted a hearing on confirmation of Debtors' Plan. However, the Court abated confirmation upon Debtors' counsel's request. Additionally, the Court *sua sponte* ordered briefing on whether (1) the bankruptcy estate includes property of the probate estate of the Debtors' father; (2) the

IRS is limited to collection of estate taxes through Ramirez's Plan; and (3) a chapter 11 bankruptcy is an appropriate mechanism for the payment of said estate taxes. Ramirez and the IRS both filed their briefs, respectively, on January 6, 2017, and February 4, 2017. LR ECF Nos. 154, 157.

On February 10, 2017, Debtors filed a Motion for Joint Administration of their respective cases on the basis of the interwoven nature of the probate estate, of which they are executor/executrix, its assets, and the estate tax liabilities due the IRS. LR ECF No.162; RE ECF Nos. 34 (amending RE ECF No. 30). On March 9, 2017, the Court granted the respective Motions for Joint Administration and designated Ramirez's case to serve as the main case for all future filings. LR ECF No. 167; RE ECF No. 42.

On May 4, 2017, the Court conducted a hearing on International Bank of Commerce's Motion for Relief from Stay, which was filed on March 20, 2017, and Debtors' Motion for Use of Cash Collateral. LR ECF Nos. 176, 183; *see also* RE ECF No. 44. The Court did not grant either motion at the May 4, 2017 hearing, but did allow Debtors to continue their use of cash collateral pursuant to the budget previously submitted. *See also* LR ECF No. 195. On May 30, 2017, the Court entered an order abating all further hearings pending a ruling on the dispositive issue of whether the Debtors' inherited property is in fact property of their respective bankruptcy estates, which was taken under advisement. *Id.*

Briefing has now closed and the matter is ripe for consideration.

### III. LEGAL STANDARD

Section 541 of the Code defines property of the bankruptcy estate and is, in the instant case, augmented by 11 U.S.C. § 1115. Section 541, in relevant portion, states:

> The commencement of a case under section 301, 302, or 303 of this title creates

an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

>Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
>
>Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date--
>(A) by bequest, devise, or inheritance;
>(B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
>(C) as a beneficiary of a life insurance policy or of a death benefit plan.

§ 541(a)(1), (5). Section 1115 expands property of the estate to also include:

>(1) all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first; and
>
>(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first.

§ 1115(a)(1)–(2). However, in the current case the issue turns not just on whether certain property owned by Debtors is property of the bankruptcy estate, but also whether equitable interests in their father's probate estate is property of the bankruptcy estate. Thus, the Court must look to Texas law governing estates and probate of a decedent's assets.

Under Texas law, the passage of a decedent's estate is delineated in § 101.001 of the Texas Estate Code:

>(a) Subject to Section 101.051, if a person dies leaving a lawful will:
>(1) *all* of the person's estate that is devised by the will vests *immediately* in the devisees;
>(2) all powers of appointment granted in the will vest immediately in the donees of those powers; and
>(3) all of the person's estate that is not devised by the will vests immediately in the person's heirs at law.

> (b) Subject to Section 101.051, the estate of a person who dies intestate vests immediately in the person's heirs at law.

*See* Tex. Estate Code § 101.001(a)-(b) (emphasis added); *see also* Tex. Estate Code § 101.003 (governing an executor's or administrator's right to possession)[4]. The Texas Supreme Court has also expounded on the passage of an estate upon a decedent's death in *Bailey v. Cherokee County Appraisal Dist.*, stating that, "[w]henever a person dies intestate, all of his estate shall vest *immediately* in his heirs at law, but…shall still be liable and subject in their hands to payment of the debts of the intestate." 862 S.W.2d 581, 584 (Tex. 1993) (emphasis added) (holding that taxes were a claim against the estate that had to be filed in probate court, thus reversing an order requiring heirs to pay taxes on estate property because the district court did not have jurisdiction); *see Woodward v. Jaster*, 933 S.W.2d 777, 780 (Tex. App. 1996) (stating that "ownership interest in property vests in a beneficiary immediately upon the death of the testator"). However, the probate estate remains liable for the decedent's debts. Tex. Estate Code § 101.051.[5] Thus, a beneficiary holds an interest subject to the claims of the decedent's creditors.

A point of contention in this case before the Court, is whether the IRS's claim against the decedent's estate has priority over all other claims held by other parties against the estate. The priority of a government claim is postulated as follows:

---

[4] On the issuance of letters testamentary or of administration on an estate described by Section 101.001, the executor or administrator has the *right to possession of the estate* as the estate existed at the death of the testator or intestate, subject to the exceptions provided by Section 101.051. The executor or administrator shall recover possession of the estate and hold the estate in trust to be disposed of in accordance with the law.

[5] (a) A decedent's estate vests in accordance with Section 101.001(a) subject to the payment of:
    (1) the debts of the decedent, except as exempted by law; and
    (2) any court-ordered child support payments that are delinquent on the date of the decedent's death.

 (b) A decedent's estate vests in accordance with Section 101.001(b) subject to the payment of, and is still liable for:
    (1) the debts of the decedent, except as exempted by law; and
    (2) any court-ordered child support payments that are delinquent on the date of the decedent's death.

(a) (1) A claim of the United States Government shall be paid first when—
  (A) a person indebted to the Government is insolvent and—
    (i) the debtor without enough property to pay all debts makes a voluntary assignment of property;
    (ii) property of the debtor, if absent, is attached; or
    (iii) an act of bankruptcy is committed; or
  (B) the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor.
(2) This subsection does not apply to a case under title 11.
(b) A representative of a person or an estate (except a trustee acting under title 11) paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government.

*See* 31 U.S.C § 3713. When a party claims that they are not subject to the provisions of § 3713, they have "the burden … to show that they are not within the provisions of section 3713." *United States v. MacIntyre*, 2012 U.S. Dist. LEXIS 87587, *8 (S.D. Tex. 2012) (holding that defendants met the test for individual liability under § 3713 and were personally liable for distributions made from decedent's estate and trust) (quoting *United States v. Cole*, 733 F.2d 651, 654 (9th Cir. 1984)) (citing *Bramwell v. United States Fidelity Co.*, 269 U.S. 483, 487 (1926)). The reach of § 3173 is broad, but "[s]ome courts have held that the government has priority over debts of the *decedent* but *not* debts of the *estate*." *MacIntyre*, 2012 U.S. Dist. LEXIS 87587, *12 (emphasis added) (citing *United States v. Moore*, 423 U.S. 77, 82–83 (1975); *Abrams v. United States*, 274 F.2d 8, 12 (8th Cir. 1960); *Estate of Johnson*, 836 F.2d 940, 946 n.14 (5th Cir. 1988); *Martin v. Dennett*, 626 P.2d 473, 475–76 (Utah 1981) ("concluding that while 31 U.S.C § 3713 accords priority to federal tax claims over the debts of the debtor, it does not accord a similar priority over debts of the estate"); *United States v. Weisburn*, 48 F. Supp. 393, 396–97 (E.D. Penn. 1943)).

Following the aforementioned, discord ensues when an individual is both the beneficiary

and administrator of the decedent's estate. Such seems to be the point of contention in this case before the Court. This fact has led to the main crux of the IRS's argument that Debtors cannot entertain both roles of estate administrators and beneficiaries of the same estate because doing so allows them to circumvent the government's priority claim, thus "trying to backdoor the administration of the probate estate through the bankruptcy estate." ECF No. 154 at 7. "Clearly the existence of independent administration of estates by beneficiaries creates special problems when examining an independent executor's incentives to avoid taxes when administering an estate." *Craig*, 89 F. Supp. 2d at 870. Debtors' "rights as executor[s] (and, therefore, the estate's rights) to the account assets [are] superior to [their] rights as…beneficiar[ies] (and, therefore, the IRS's rights)." *Id.* at 872.

## IV. CONCLUSIONS OF LAW

### A. Jurisdiction & Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter. 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012). In this case, the parties are seeking a determination from the Court as to whether certain property held in the probate estate of Debtors' father is property of their respective bankruptcy estates. This is a core matter as it "concern[s] the administration of the estate." § 157(b)(2); s*ee also In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999).

This Court may only hear a case in which venue is proper. 28 U.S.C. § 1408. In their petitions, both Ramirez and Eckhardt state their residence is located in Laredo, Texas. [LR ECF

No. 1 at 1]; [RE ECF No. 1 at 2]. Therefore, venue is proper.

### B. Constitutional Authority to Enter a Final Order

This Court has an independent duty to evaluate whether it has the constitutional authority to sign a final order. *Stern v. Marshall*, 564 U.S. 462 (2011). *But see Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938–39 (2015) (holding that parties may consent to jurisdiction on non-core matters). The instant issue solely determines whether Debtors' interests in property of their father's probate estate can be considered as property of their respective bankruptcy estates. Thus, the issue does not directly implicate a matter of state law that cannot be considered under *Stern*. Therefore, this Court holds constitutional authority to enter a final order and judgment with respect to the core matter at bar.

### C. Debtors' Equitable Interests in the Probate Estate is Property of the Bankruptcy Estate

Under the Code, property of the estate is broadly defined to include "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). However, the instant issue turns on whether interests in a probate estate—that has not yet been fully administered—is included in that definition. *See generally* ECF No. 136, 140. It is clear that a debtor's interest in property that is received post-petition "by bequest, devise, or inheritance" is includable as property of the estate if the debtor receives or becomes entitled to receive such property within 180 days of the filing of the petition. § 541(a)(5)(A). Section 1115 expands the definition of property of the estate to include property as defined under § 541 that is acquired post-petition, but before the case is dismissed, closed, or converted to a different chapter. §1115(a)(1). Reading § 541 in conjunction with § 1115 suggests that property, such as that defined in § 541(a)(5), that is received by debtor or that debtor becomes eligible to receive at

any point while the bankruptcy case remains open and unconverted. Thus, the Court must look to Texas law to determine the extent of a beneficiary's interest in property of a probate estate that has not been fully administered.

Under Texas law, as discussed above, a beneficiary's interest in property of a probate estate is immediately vested regardless if it is devised by will or through intestacy. Tex. Estate Code §§ 101.001(a)(1), (b). However, the probate estate remains liable for the debts of the decedent. *See generally* Tex. Estate Code § 101.051. Therefore, a beneficiary's interest is contingent upon the property of the probate estate being sufficient to pay all debts properly owed by the probate estate. *Id.* (noting certain limitations of debts).

Here, Debtors both entered their respective bankruptcy cases having already gained an equitable interest in the probate estate of their father. Tex. Estate Code § 101.001; LR ECF No. 1; RE ECF No. 1; *see also* LR ECF No. 162 (requesting joint administration of the bankruptcy cases due to the intertwined nature of their interests in the probate estate). This is a fact that can be "accurately and readily determined" from the Probate Court docket and furthermore has not been the subject of an objection by any party. Fed. R. Evid. 201(b)(2). Thus, under Texas law, Debtors' equitable interest (or title) in the probate estate property is contingent upon the probate estate having not only sufficient assets to pay the decedent's debts, but actually paying them. *Compare* LR ECF No. 1 *and* RE ECF No. 1 *with* Tex. Estate Code § 101.001 *and* Tex. Estate Code § 101.051. Absent the payment of taxes, Debtors will not gain legal title to the assets. Tex. Estate Code § 101.051. Accordingly, the Court finds Debtors' possession of merely equitable title (or interest) does not prevent the interests from falling under the purview of § 541 and being included in the bankruptcy estate. Therefore, the Court finds that IRS's Objection should be overruled as to the probate estate property being included in the respective bankruptcy

estates.

### D. Debtors Personal Liability for Estate Taxes Makes the Taxes Payable Under the Plan

The IRS's Objection asserts that Ramirez, prior to joint administration, was personally liable for some portion of the estate tax owed by his father's probate estate. *See generally* ECF No. 136 (citing to 36 U.S.C. § 3713 and 26 U.S.C. § 6324); *see also* ECF No. 154 (advancing the same argument as to Ramirez's personal liability). The IRS further argues that attempting to pay the estate tax through the bankruptcy is improper. *See generally* ECF No. 136. While the IRS advances this argument, it also has filed proofs of claim for the full amount of estate taxes owed in both bankruptcies. LR Claim No. 3; RE Claim No. 2. In the Motion for Joint Administration filed in both cases, Debtors state that they are co-executors of the probate estate. LR ECF No. 162; RE ECF No. 34. Ramirez, in his reply to IRS's brief, admits that he is personally liable for the taxes. LR ECF No. 157 at 3; *see also* LR ECF No. 1 at 18 (providing the IRS with a secured claim for approximately $2.2 million and is not listed as disputed or contingent). Similar to Ramirez, Eckhardt, as co-executrix, provided for the estate tax liability due the IRS in her schedules. RE ECF Nos. 11, 12 (listing secured and unsecured claims held by the IRS). Thus, the proofs of claim may have been filed out of an abundance of caution, but Ramirez and Eckhardt admit that they are co-executors and owe the debts personally, thus are properly includable in their respective bankruptcy cases. ECF No. 157 at 3; RE ECF Nos. 11; *see also* 11 U.S.C. §§ 501, 502; Fed. R. Bankr. P. 3001, 3002. Moreover, neither Ramirez nor Eckhardt have objected to the IRS's proofs of claim in their respective bankruptcy cases. *C.f.* LR ECF No. 154. The Court finds the IRS's argument persuasive to the extent that Debtors may be or are liable for some portion of the estate tax owed, especially as Ramirez and Eckhardt admit to

owing the debts, and therefore the IRS's Objection should be sustained to that extent. Whether the Plan is purporting to use assets of the probate estate improperly and/or paying creditors out of order, or is not feasible, is a matter for confirmation and the Court need not and does not reach that issue here.

## V. CONCLUSION

Pending before the Court is a matter of first impression and requires a determination of the extent of which certain equitable interests belonging to the Debtors are property of their respective bankruptcy estates. In reviewing both federal and state statutes, the Court finds that § 541, as modified by § 1115, provides an expansive view of property of the estate that encompasses equitable interests in probate estates held by debtors at the time of filing for bankruptcy. Thus, the Court looked to Texas law, chiefly §§ 101.001 and 101.051 of the Texas Estate Code, which provides that beneficiaries are immediately vested in their share of the probate estate subject to the probate estate paying valid debts owed by the decedent. Therefore, Debtors, since the moment of filing their respective bankruptcies, hold equitable interests in their shares of their father's probate estate subject to the payment of valid debts. These equitable interests, including the required payment of debts, passed into the respective bankruptcy estates along with their other respective assets. As such, the IRS' Objection should be overruled as to Debtors' equitable interests in property of the probate estate not being included in the respective bankruptcy estates. Moreover, IRS's arguments regarding the personal liability of Ramirez and, necessarily, Eckhardt as co-executrix, pursuant to § 3713 and § 6324, for the estate taxes owed by the decedent's probate estate are consistent with the Debtors' own schedules. As such, the IRS's Objection should be sustained as to Debtors being personally liable for the estate taxes as well. Further, the IRS filed a proof of claim for the estate tax liability in both bankruptcy cases

that are allowed because Debtors have neither objected nor marked the scheduled debts as disputed, contingent or unliquidated. The Court, however, does not reach the matter of whether the Plan is improperly attempting to use assets of the probate estate, paying creditors out of order, or whether the Plan is not feasible as is alleged by the IRS. The Court will entertain arguments on the remainder of IRS's Objection at the time of Debtors' confirmation hearing and will issue further orders accordingly.

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 08/16/2017.

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge